FILED

2013 SEP 24 PM 3: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

Jim Q. Tran (SBN# 274880)
COAST LAW CENTER
2677 North Main Street, Suite 520
Santa Ana, CA 92705
Phone: 714-242-5939
Fax:    949-429-4354
jim.tran@coastlawcenter.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CARLA MARIA CREHIN,

    Plaintiff,

    v.

ARS NATIONAL SERVICES

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  **SACV13-01497 SVW (JPRx)**

**COMPLAINT FOR VIOLATION OF
FAIR CREDIT REPORTING ACT, AND
CALIFORNIA CONSUMER CREDIT
REPORTING AGENCIES ACT**

**DEMAND FOR JURY TRIAL**

Plaintiff, CARLA MARIA CREHIN, (hereinafter "Plaintiff"), through his counsel brings his complaint against, ARS NATIONAL SERVICES, (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), and California Consumer Credit Reporting Agencies Act, California Civil Code § 1785 .25 *et seq.* ("CCRAA"), and alleges as follows:

## PRELIMINARY STATEMENT

1.    Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "accuracy and fairness of credit reporting." 15 U.S.C. § 1681.

2.    The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(a)(4) reads in relevant part: "there is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's

1    right to privacy."

2        3.      The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. §

3    1681(b) reads in relevant part: "Reasonable procedures. It is the purpose of this title to require that

4    consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for

5    consumer credit, personnel, insurance, and other information in a manner which is fair and

6    equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper

7    utilization of such information in accordance with the requirements of this title."

8        4.      The statute governing "permissible purposes of consumer reports," FCRA 15

9    U.S.C. §1681b, provides in pertinent part: "(a) In general.  Subject to subsection (c) of this

10   section, any consumer reporting agency may furnish a consumer report under the following

11   circumstances and no other."

12       5.      Thus the strictly limited provisions set forth in §1681b operate to support the

13   confidentiality of consumer reports by limiting their dissemination.

14       6.      The FCRA regulates credit reporting agencies as well as creditors, collection

15   agencies, and other parties who provide information to credit reporting agencies and/or obtain and

16   use the consumer credit reports.  15 U.S.C. §1681b identifies the permissible purposes allowed

17   under the act for conducting credit reviews on consumers.

18       7.      15 U.S.C. §1681n and §1681o, create private right of action consumers can bring

19   against violators of any provision of the FCRA with regards to their credit.  In *DiMezza v. First*

20   *USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000) the court confirmed that "…the plain

21   language of [15 U.S.C.  § 1681n and §1681o] provide a private right of action for a consumer

22   against furnishers of information who have willfully or negligently failed to perform their duties

23   upon notice of a dispute…there is a private right of action for consumers to enforce the

24   investigation and reporting duties imposed on furnishers of information." *DiMezza v. First USA*

25   *Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000).

26       8.      CCRAA was implemented to protect the credit information of California

27   consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of

28   information with respect to personal, credit and other financial information submitted and

maintained in their credit file. CCRAA in California Civil Code § 1785 .25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

9.     Similar to FCRA Section 604, 15 U. S. C. §1681b, California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer.

10.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785. 31.

11.     *Sanai v. Saltz, et al.*, (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See *Sehl v. Safari Motor Coaches, Inc.*, U.S.D.C. N.D. Cal. 2001; *Harper v. TRW*, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); *Rule v. Ford Receivables*, 36 F. Supp.2d 335 (U. S.D.C. S.D. Va. 1999); *Watkins v. TransUnion*, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); *Swecker v. Trans Union*, 31 F. Supp.2d 536 (U. S.D. C. E.D. Va. 1998); *Sherron v. Private Issue by Discover*, 977 F. Supp. 2d 804 (U.S.D.C. N.D. Miss. 1997); *Hughes v. Fidelity Bank*, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## JURISDICTION

12.     Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331

13.     Plaintiff has performed all conditions precedent to the bringing of this action.

14.     Defendant regularly conducts business in the state of California, therefore establishing personal jurisdiction.

15.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(a) and 15 U.S.C. § 1681, in that Defendant regularly conducts business in this District and the occurrences which give

1    rise to this action occurred in this district.  Further, Plaintiff resides in this district.

2        16.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3    demands a jury trial on any and all issues qualified for a jury trial.

4                    **PRIVATE RIGHT OF REMEDY**

5        17.    15 U.S.C. § 1681n and § 1681o refer to consumer' ability to bring civil liability

6    action against users/furnishers of information for willful and negligent noncompliance

7    respectively, with any provisions of the FCRA.

8        18.    *Gorman v. MBNA America Bank, N.A.* No. 06-17226 further established that

9    consumers are entitled to a private remedy against Furnishers for noncompliance with their

10   obligations enforced under § 1681s-2(b).

11                          **PARTIES**

12       19.    Plaintiff, CARLA MARIA CREHIN, a natural person, is an adult individual who

13   resides in the Ladera Ranch, in the County of Orange, in the State of California.

14       20.    Plaintiff is a consumer as defined by 15 U.S.C § 1692a(3), and is a "person" as

15   defined by 15 U.S.C. § 1681a(b).

16       21.    Plaintiff is informed, believes, and thereon alleges that Defendant is a Corporation,

17   and regularly conducts business in the state of California.

18       22.    Defendant operates as a collection agency as defined in 15 U.S.C. § 1681a(b) and a

19   furnisher of information as defined by 15 U.S.C. §1681s-2 of the FCRA.

20       23.    Wherever this complaint alleges that any Defendant did any act or thing, it is meant

21   that it, its directors, officers, agents, employees, or the directors, agents or employees of its

22   subsidiaries, performed or participated in such act or thing, and in each instance that such act or

23   thing was authorized or ratified by, and done on behalf of and under the direct control of that

24   Defendant.

25       24.    Plaintiff is informed and believes and thereon alleges that Defendant is responsible

26   for the acts, occurrences and transactions as officers, directors, or managing agents of Defendant

27   or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and

28   that each of them is legally liable to Plaintiff as set forth below and herein:

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACTAND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

a. Said officers, directors, or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;

b. Said officers, directors, or managing agents of Defendant personally authorized, approved of, adopted, and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

c. Said officers, directors, or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

d. Said officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

e. Said officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f. Said officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said officers, directors or managing agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant

25. Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified by the Defendant.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff alleges that the foregoing events, starting from the date of discovery of the credit inquiries made by Defendant, which is the subject of this complaint, occurred within the past year.

27. On or around August 2012, Plaintiff obtained his consumer reports from TransUnion, Equifax, and Experian and was shocked to find that Defendant had placed inaccurate and derogatory information in Plaintiff's Experian consumer report regarding a non-existent

alleged debt Defendant was attempting to collect on 12/5/2011 without Plaintiff's knowledge or authorization.

28.     Experian is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §1681a(f).

29.     Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

30.     Upon research and review of company's profile available online, Plaintiff learned that Defendant is collection agencies that is in the business of collecting consumer debts.

31.     Upon information and belief, at some point Defendant must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, been assigned debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on.  At no point prior to the credit reviews did Plaintiff know of any such debts confirmed or alleged by Defendant to be the responsibility of the Plaintiff.

32.     Defendant violated 15 U.S.C. §1681 by running credit inquiries into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax, and TransUnion, without Plaintiff's knowledge or authorization, and without having permissible purposes for conducting a credit review as defined under 15 U.S.C. § 1681b.

33.     Specifically, on 12/5/2011, Defendant violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports without the knowledge or consent of Plaintiff.  Plaintiff had not requested reports from the Defendant for purpose of extending credit, employment, insurance underwriting, or any other purposes allowed under this section. (Exhibit "A").

34.     At or about the time Defendant initiated the credit pulls of Plaintiff's consumer report:

        a.      Plaintiff did not authorize consumer reporting agency to furnish his consumer report to Defendant;

        b.      Plaintiff did not authorize Defendant to obtain his consumer reports from

consumer reporting agencies;

      c.    Plaintiff did not apply for any credit, loans, or services with Defendant;

      d.    Plaintiff did not have any contractual relationship for credit, loans or services with Defendant;

      e.    Plaintiff did not owe any debts to the Defendant;

      f.    Plaintiff did not owe any debt as the result of a judgment to any Defendant;

      g.    Plaintiff did not apply for any employment with Defendant

      h.    Plaintiff did not apply for any insurance with Defendant

      i.    Plaintiff did not have any existing account(s) within the meaning of the Electronic Fund Transfer Act ("EFTA") § 903(2), pursuant to 15 U.S.C. § 1681a(f)(4) "the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an 'open end credit plan' as defined in §1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement...the terms 'open end credit plan' and 'open end consumer credit plan' mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance" or credit obligation with Defendant;

      j.    Plaintiff did not issue any order to credit reporting agencies to furnish Plaintiff's consumer report to Defendant;

      k.    No head of state or local child support enforcement agency requested credit reporting agencies to provide Plaintiff's consumer reports to Defendant;

      l.    No agency administering a state plan under § 454 of the social security act (42 U.S.C. § 654) requested credit reporting agencies to provide Plaintiff's consumer report to Defendant;

      m.    Plaintiff did not apply for any license or other benefit granted by a government instrumentality through Defendant;

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

n.      Plaintiff did not receive any "firm offer of credit or insurance" from Defendant.

35.      Defendant violated 15 U.S.C. § 1681 by ignoring Plaintiff's written disputes and requests for proof that the credit inquiries were run for a purpose recognized by law.

36.      Defendant conducted the above described credit reviews of Plaintiff's records without communicating to him any debts and confirming the validity of any such alleged debts, even if such alleged debts did exist and were in its possession for collections.

37.      Based on information and belief, Defendant had no lawful purpose for requesting, obtaining, and using Plaintiff's consumer report from Experian on 12/5/2011. Therefore, Defendant' request, acquisition, and use of Plaintiff's consumer report was in violation of the FCRA, 15 U.S.C 15 § 1681b(f).

38.      Defendant' failure to comply with the FCRA when it requested, obtained, and used Plaintiff's Experian consumer report on 12/5/2011, was willful, as contemplated under 15 U.S.C. § 1681n under the FCRA.  Defendant' said conduct damaged Plaintiff.

39.      In the alternative, Defendant' failure to comply with the FCRA when it requested, obtained, and used Plaintiff's consumer report on 12/5/2011  was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA.  Defendant' said conduct damaged Plaintiff.

40.      On March 4, 2013, Plaintiff sent a letter to  Defendant herein to mitigate their damages, if any, and reach an equitable settlement without the need for litigation due their reckless violation of The Fair Credit Reporting Act by accessing Plaintiff's credit report without permissible purposes per 15 U.S.C. § 1681 et seq. (Exhibit "B")

41.      Discovery of Defendant's violation of the FCRA, 15 U.S.C § 1681b(f) occurred in August 2012 and is within the statute of limitations as defined by the FCRA, 15 U.S.C § 1681p.

42.      In committing the acts against plaintiff as above alleged, Defendant subjected plaintiff to unfair credit reporting practices.  Their violations include at least the following:

a.      Willfully obtaining and reviewing plaintiff's credit report from Experian without having permissible purpose as required by 15 U.S.C. §1681n.

b.      Negligently obtaining Plaintiff's consumer report without a permissible

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

1   purpose as defined by 15 U.S.C. §1681o.

2       43.    Based on information and belief, the credit reviews and the credit inquiries were

3   used as collection tactics by Defendant with intent to obtain information and thereby unfair

4   advantage over plaintiff and/or harm plaintiff's good name and credit rating.  The accusations

5   stated in this cause of action directly relate to the allegations asserted through this complaint.

6       44.    As a result of these unauthorized actions by Defendant, plaintiff has suffered

7   damages and is entitled to actual damages, punitive damages as the court may allow, as well as

8   reasonable costs and attorney's fees pursuant to 15 U.S.C. §1681(n).

9                           **SECOND CLAIM FOR RELIEF**

10  **VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

11      45.    Paragraphs 1 through 44 are re-alleged as though fully set forth herein.

12      46.    Plaintiff is a consumer within the meaning of the FCRA, Title 15 U.S.C. §

13  1681a(c).

14      47.    Experian is a consumer reporting agency within the meaning of FCRA, Title 15

15  U.S.C. § 1681a(f).

16      48.    Consumer report is a consumer report within the meaning of the FCRA, Title 15

17  U.S.C. §1681a(d).

18      49.    The Fair Credit Reporting Act, Title 15 U.S.C. §1681b defines the permissible

19  purposes for which a person may obtain a consumer credit report.

20      50.    Defendant is a furnisher of information within the meaning of Fair Credit

21  Reporting Act, Title 15 U.S.C. 1681s-2.

22      51.    On 12/5/2011, Defendant obtained Plaintiff's consumer report without any

23  permissible purpose and without Plaintiff's consent, which constitutes a willful and gross violation

24  of California Consumer Credit Reporting Agencies Act §1785.19 and §1785.11(c).

25      52.    Plaintiff has never been informed, nor notified by Defendant, by any lawful means

26  for any permissible purpose in justifying the pulling of Plaintiff Credit/Debt History which

27  constitutes a statutory violation under California Consumer Credit Reporting Agencies Act,

28  Title§1785.19.

1    53.    Defendant had a duty of due care to properly ascertain if there was a permissible

2 purpose under California Consumer Credit Reporting Agencies Act §1785.19, before obtaining

3 Plaintiff's consumer report and obtain Plaintiff's consent prior to arbitrarily pulling Credit/Debt

4 Report, which constitutes a breach of a Duty of due care by Defendant for failing to do so.

5    54.    Plaintiff had no account established with Defendant that would have given

6 Defendant any permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is

7 entitled to damages for statutory violation and breach of said duty.

8                            **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

10   1.    For statutory damages pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o (a).

11   2.    For statutory damages pursuant to *California Civil Code* §1785.31.

12   3.    For punitive damages that would include any adverse ruling in state court.

13   4.    For Plaintiff's costs in this action.

14   5.    For reasonable attorney's fees incurred herein.

15   6.    For such other and further relief as the Court may deem just and proper.

16                            **JURY TRIAL DEMAND**

17   Plaintiff demands a trial by jury on all triable issues.

18   DATED this 23 day of September,
19   2013.

20

21

22                                        By: _____
                                               Jim Q. Tran
23                                             Attorney For Plaintiff

24

25

26

27

28

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

# A



COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

CARLA MARIA CREHIN
Report As Of: 8/23/2012

⠿Experian

## Credit Inquiries

Here you will find the names of those who have obtained a copy of your credit report, including lenders, landlords and employers. Remember, inquiries remain on your report for up to 2 years.

| ARS NATIONAL SERVICES | | ⠿Experian | Equifax | TransUnion |
|---|---|---|---|---|
| | **Business Name** | ARS NATIONAL SERVICES | | |
| | **Inquiry Date** | 12/5/2011 | | |
| | **Business Type** | Other Collection Agencies | | |
| 760-735-2700 | | | | |
| 201 W GRAND AVE | | | | |
| ESCONDIDO  CA 92025 | | | | |

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

# B

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

1

2

3        Carla Maria Crehin
         27763 Antonio Pkwy #L1-503
4        Ladera Ranch, CA 92694

5
         ARS National Services
6        201 W. Grand Ave.
         Escondido, CA 92025
7

8        March 4ᵗʰ, 2013

9        Re:    Intent to Sue – Violations of Federal Statutes

10                        NOTICE OF PENDING LAWSUIT
         To Whom It May Concern:
11

12       ARS National Services illegally reported an alleged debt that showed me as a debtor. I don't
         know who you are and I don't have a contract with you; we had no business relationship. Your
13       illegal action caused my credit score to drop.  I demand that you pay me $2000 as settlement for
         your violations of the law at my expense.
14

15       If you do not agree to these terms, I will defend myself by invoking a Federal lawsuit against
         ARS National Services for violations of the Fair Credit Reporting Act, Fair Debt Collection
16       Practices Act 15 U.S.C. § 1692f and 1692(f)(1) and 15 U.S.C.§2042g(b). This lawsuit will name
         ARS National Services, and potentially its counsels involved in this unlawful act.
17

18       You have until March 14, 2013 to comply with this demand and provide me with proof of your
         actions (i.e., a letter confirming your response, and a check for the required amount).
19

20       Please inform me of your intentions immediately via writing; email is acceptable. If I do not hear
         from you, I assure you that I will follow through with the actions listed above. Your refusal to
21       respond will be taken as a tacit admission that you are in violation of the law and wish these
         issues to be adjudicated in Federal court. I will entertain your settlement agreement. Barring lack
22       of response from you in this matter we will proceed to the Federal Court to resolve it. Don't
         make the mistake of ignoring this. The ball is in your court. Consider yourselves warned!
23

24       Sincerely,

25

26

27       Carla Maria Crehin

28

                                                    14
         COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Stephen V. Wilson _____ and the assigned Magistrate Judge is _____ Jean P. Rosenbluth _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01497 SVW (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ September 24, 2013 _____
Date

By  A. Gonzalez _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☒ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☐ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

CARLA MARIA CREHIN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

ARS NATIONAL SERVICES

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
JIM Q. TRAN (SBN# 274880)
COAST LAW CENTER
2677 NORTH MAIN STREET, SUITE #520
SANTA ANA, CA 714-242-5939

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 1000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Credit Reporting Act, 15 U.S.C 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☒ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

**SACV13-01497 SVW (JPRx)**

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true?  If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

IX(a). **IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

IX(b). **RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: *9.24.2013*

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

JIM Q. TRAN (SBN# 274880)
COAST LAW CENTER
2677 NORTH MAIN STREET, SUITE 520

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA MARIA CREHIN | CASE NUMBER |
| PLAINTIFF(S) | **SACV13-01497 SVW (JPRx)** |
| v. | |
| ARS NATIONAL SERVICES | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, JIM Q. TRAN_____, whose address is 2677 NORTH MAIN STREET, SUITE 520 SANTA ANA, CA_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __9-24-13__

By: _____
Adriana Gonzalez
(Seal of the Court)
1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11                                SUMMONS