Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5399/FAX (612) 877-5016
MoeI@moss-barnett.com

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
ARS NATIONAL SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CARLA MARIA CREHIN,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES,<br><br>Defendant. | Case No.: 8:13-cv-01497-SVW-JPR<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT ARS NATIONAL SERVICES FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:         January 13, 2014<br>Time:        1:30 P.M.<br>Courtroom: 6- 2nd Floor<br>Judge:       Hon. Stephen V. Wilson |
|---|---|

      Plaintiff's[1] opposition to ARS' motion for judgment on the pleadings is nothing more than a red herring.  As established in ARS' opening memorandum, a debt collector may obtain a consumer report under section 1681b(a)(3)(A) of the FCRA if it intends to use the information to assist in its collection of a consumer's debt.  *See* Def.'s Mem. P&A, pgs. 5-9.  Plaintiff does not dispute that proposition

---

[1] Capitalized terms not defined in this reply have the meanings ascribed to them in the Memorandum of Points and Authorities in Support of Motion of Defendant ARS National Services for Judgment on the Pleadings.  (Doc. No. 11-1.)

- 1 -

in her opposition.  Plaintiff instead argues that she states a viable FCRA claim by alleging that she did not have an account with ARS.  *See* Pl.'s Opp., pg. 3, lines 13-18 (Plaintiff had "no account with Defendant for Defendant to have had a permissible purpose"); pg. 4, lines 17-21 ("Defendant obtained [Plaintiff's] credit report without having any direct connection to Defendant that would implicate any permissible purpose."); pg. 5, lines 17-18 ("Plaintiff (the consumer) does not have an account with Defendant.").  Plaintiff, however, fails to identify any case law or statutory language that requires a person to have an account or other direct business relationship with a consumer in order to have a permissible purpose to obtain a consumer report pursuant to section 1681b(a)(3)(A) of the FCRA.  The reason is clear: that authority does not exist.

Despite Plaintiff's attempts to muddy the waters, this dispute can be easily resolved with reference to the allegations in the complaint.  Plaintiff alleges that ARS is a ***collection agency*** in the business of ***collecting*** consumer debts.  (Compl., ¶¶ 22, 30-31, 43.)  Plaintiff alleges that ARS tried to purchase, considered purchasing, or had been assigned debts that she allegedly owed, or looked into her history as a potential debtor for overdue and unsatisfied account balances to ***collect*** on.  (*Id.* at ¶ 31.).  Finally, Plaintiff alleges that ARS used its credit reviews and inquiries as a "***collection tactic***" with the "***intent***" to obtain information about Plaintiff. (*Id.* at ¶ 43.)  Those allegations establish that ARS had a permissible purpose for its alleged credit inquiry under both the FCRA and the CCRAA.  *See, e.g.*, 15 U.S.C. § 1681b(a)(3)(A); Cal. Civ. Code § 1785.11; *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009); *Makreas v. Moore Law Group, A.P.C.*, 2011 WL 3047634 (N.D. Cal. July 25, 2011); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that the FCRA authorizes use of credit reports in connection with collection of a delinquent account); *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 434-35 (D. Del. 2012); s*ee also*

Def.'s Mem. P&A, pgs. 5-9.[2]

For these reasons and those discussed in ARS' opening memorandum, the Court should dismiss Plaintiff's complaint with prejudice and without leave to amend.

MOSS & BARNETT, P.A.

Dated: December 23, 2013     By:   /s/ Issa K. Moe
                                   ISSA K. MOE
                                   Attorneys for Defendant
                                   ARS NATIONAL SERVICES

---

[2] Plaintiff argues that *Huertas* is distinguishable because unlike the facts in that case, no assignment had been made here. Pl.'s Opp., pgs. 5-6. There is nothing in the *Huertas* opinion that suggests the court's decision turned on proof of any assignment. Nor does the case state that an assignment is required to establish a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A). Plaintiff argues that *Miller* is also distinguishable. Plaintiff claims that unlike this case, the plaintiff in *Miller* failed to dispute the existence and legitimacy of the plaintiff's debt, which was fatal to his claim. Pl.'s Opp., pgs. 6-7. Again, there is nothing in the *Miller* opinion that suggests the court's decision turned on that issue. In fact, the plaintiff in *Miller* specifically argued that there *were* factual issues regarding ownership of the debt. Accordingly, Plaintiff's attempt to distinguish these cases is unavailing.

- 3 -
**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No.: 8:13-cv-01497-SVW-JPR

2440514v1

Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5399/FAX (612) 877-5016
MoeI@moss-barnett.com

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
ARS NATIONAL SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CARLA MARIA CREHIN, | Case No.: 8:13-cv-01497-SVW-JPR |
|---|---|
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| ARS NATIONAL SERVICES, | |
| Defendant. | |

2440905v1

# CERTIFICATE OF SERVICE

STATE OF MINNESOTA     )
                       )
COUNTY OF HENNEPIN     )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **December 23, 2013**, I caused to be served the following documents:

**REPLY IN SUPPORT OF MOTION OF DEFENDANT ARS NATIONAL SERVICES FOR JUDGMENT ON THE PLEADINGS**

☐ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

    ☐ By personally delivering the copies;

    ☐ By leaving the copies at the attorney's office;

- 2 -

CERTIFICATE OF SERVICE

2440905v1

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

**SEE ATTACHED SERVICE LIST**

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on December 23, 2013, at Minneapolis, Minnesota.

                                          s/ Andrea P. Lande_____
                                          Andrea P. Lande

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 3 -

**CERTIFICATE OF SERVICE**

2440905v1

Service List
CARLA MARIA CREHIN, V. ARS NATIONAL SERVICES

| **Jim Quoc Tran, Esq.**<br>Coast Law Center<br>2677 N. Main Street, Ste 520<br>Santa Ana, CA 92705 | Attorney for Plaintiff<br><br>casefilings@coastlawcenter.com |
|---|---|

- 4 -

**CERTIFICATE OF SERVICE**

2440905v1