UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:13-cv-01497-SVW-JPRx | Date | January 9, 2014 |
|---|---|---|---|
| Title | Carla Maria Crehin v. ARS National Services | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER Re: Defendant's Motion for Judgment on the Pleadings [11]

## I. INTRODUCTION

Mr. Crehin asserts that ARS National Services unlawfully obtained a copy of his credit report in violation of federal and California law. Presently before the Court is ARS's motion for judgement on the pleadings. The Court finds the motion suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing currently scheduled for January 13, 2014 is VACATED. For the reasons set forth below, the motion is GRANTED.

## II. FACTUAL BACKGROUND

On or around August 2012, Plaintiff requested and obtained copies of his consumer credit report from credit reporting agencies TransUnion, Equifax, and Experian. (Id. ¶ 27). The Experian report included information that alerted Plaintiff that Defendant had attempted to collect a debt allegedly owed by Plaintiff on December 5, 2011. (Id. ¶ 27). Plaintiff denies that any such debt exited. (Id.). He also asserts that at no time did he authorize Defendant to pull his credit report. (Id. ¶ 32).

Defendant is a collections agency and is in the business of collecting consumer debts. (Id. ¶¶ 22, 30). Upon information and belief, Plaintiff avers that at some point Defendant must have tried to purchase debts alleged to be owed by Plaintiff, been assigned debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on. (Id. ¶ 31). Plaintiff asserts that by pulling his credit report, Defendant violated the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*., and California's Consumer Credit

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-01497-SVW-JPRx | Date | January 9, 2014 |
|---|---|---|---|
| Title | Carla Maria Crehin v. ARS National Services | | |

Reporting Agencies Act (CCRAA), California Civil Code § 1785.25 *et seq*.

### III. ANALYSIS

A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. U.S., 683 F.3d 1102, 1108 (9th Cir. 2012).

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding the motion, the court may consider only the pleadings, that is, "the complaint, the answer, and any written instruments attached as exhibits." Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998); see also Fed. R. Civ. P. 12(c) (providing that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court).[1]

B. Plaintiff's Complaint Fails to State a Claim

Both the FCRA and the CCRAA prohibit entities from obtaining consumers' credit reports except for specific enumerated purposes. See 15 U.S.C. § 1681b(f); Cal. Civ. Code § 1785.11(a). Plaintiff asserts that when Defendant pulled his credit report none of these enumerate purposes applied.

However, one of the permissible purposes for obtaining an individual's credit report is if the

---

[1] The declaration attached to Defendant's answer will not be considered for purposes of this motion. Although the Court can consider documents incorporated by reference and attached to the pleadings, it cannot consider declarations and other discovery materials at this stage. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-01497-SVW-JPRx | Date | January 9, 2014 |
|---|---|---|---|
| Title | Carla Maria Crehin v. ARS National Services | | |

entity requesting the report "*intends to use the information in connection with* a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of, the consumer*."  15 U.S.C. § 1681b(a)(3)(A) (emphasis added); Cal. Civ. Code § 1785.11(a)(3)(A) (same).

     Courts have held that 15 U.S.C. § 1681b(a)(3)(A) applies to collection agencies seeking to collect on delinquent accounts.  See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011) (holding that accessing a consumer's credit report for purposes of collecting a debt is a permissible purpose); Jacques v. Solomon & Solomon P.C., 886 F. Supp. 2d 429, 434 (D. Del. 2012) (same); Pyle v. First Nat. Collection Bureau, 2012 WL 1413970 at *3 (E.D. Cal. Apr. 23, 2012) ("A collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt."). These cases are also persuasive in interpreting California's credit reporting act.  See Olson v. Six Rivers Nat. Bank, 111 Cal. App. 4th 1, 12 (2003) ("Because [California's] Credit Reporting Act is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.").

     Because Plaintiff's complaint asserts that Defendant is a collections agency, and that Defendant "was attempting to collect" a debt when it reviewed Plaintiff's credit report, (Compl., ¶¶ 22, 27), Defendants actions would likely be permitted under both the FCRA and the CCRAA.  Although the complaint avers that no such debt existed, if Defendant "was attempting to collect" a debt, as the complaint states, Defendant's actions would be permitted even if Plaintiff did not in fact have such a debt.  Both the FCRA and the CCRAA focus on whether the entity pulling the credit report "intends" to use the information in connection with collecting a debt.  See 15 U.S.C. § 1681(a)(3)(A); Cal. Civ. Code § 1785.11(a)(3)(A).  A good faith belief that a debt exists is thus sufficient to satisfy these provisions.  See Trikas v. Universal Card Services Corp., 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) ("[T]he plain language of [15 U.S.C. § 1681(a)(3)(A)] . . . focuses on the *intent* of the party obtaining the consumer report." (emphasis in original)); Korotki v. Attorney Services Corp., 931 F. Supp. 1269, 1276 (D. Md. 1996) ("[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA."); Myers v. Stoneleigh Recovery Assocs., 2012 WL 1356752 at *5-6 (E.D. Cal. Apr. 18, 2012) (dismissing plaintiff's FCRA claim even though the complaint stated that plaintiff did not owe the debt at issue because the complaint also stated that defendant was attempting to collect a debt from plaintiff).  Because the complaint does not include any factual allegations suggesting that Defendant's intent in pulling Plaintiff's credit report was not to collect a debt, Plaintiff's complaint does not state a plausible claim for relief.

     For the foregoing reasons, the motion for judgment on the pleadings is GRANTED with leave to amend.  Plaintiff may file an amended complaint within 21 days of this order.  Failure to do so will

                                                                                                        :

                                      Initials of Preparer                 PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-01497-SVW-JPRx | Date | January 9, 2014 |
|---|---|---|---|
| Title | Carla Maria Crehin v. ARS National Services | | |

result in dismissal of the case with prejudice.

|  | : |
|---|---|
| Initials of Preparer | PMC |